Following a jury trial in the District Court, the defendant, Abimael Batista, was convicted of five counts of indecent assault and battery on a person under age fourteen. On appeal, the defendant claims that (1) the judge erred in excluding reference to the victim's suicide attempt; (2) the prosecutor's closing argument was improper; and (3) the verdict slips did not convey specific unanimity. We affirm.
Background. In January, 2011, the defendant, who is the brother of the victim's stepfather, moved in with the victim, then twelve years old, and her family. The victim testified that shortly thereafter, the defendant came into her bedroom and sexually assaulted her. The assaults continued once or twice "every couple weeks" until the defendant moved out in the fall of 2011.
Discussion. 1. Limitation on cross-examination. Prior to trial, the defendant filed a motion in limine, seeking to cross-examine the victim regarding a suicide attempt. In March of 2014, following an argument with her boy friend, the victim, then fifteen years old, was taken to the hospital by her mother for an apparent attempted suicide. The victim's mother told her that she would not let the victim see her boy friend if their relationship remained turbulent. The victim attended counselling sessions where she disclosed that the defendant sexually assaulted her. The defendant alleged that the victim's disclosure was a tactic to deflect her mother's attention away from the victim's turbulent relationship with her boy friend. After a hearing, the judge ruled that defense counsel could not cross-examine the victim regarding her suicide attempt. However, he did allow defense counsel to question the victim about the argument with her boy friend, her mother's feelings about the relationship, and her subsequent hospitalization and counselling sessions.
The defendant contends that the judge violated his right to cross-examination by limiting his opportunity to cross-examine the victim about her suicide attempt as it revealed her bias and motive to lie. We disagree.
"If, on the facts, there is a possibility of bias, even a remote one, the judge has no discretion to bar all inquiry into the subject." Commonwealth v. Ahart, 464 Mass. 437, 441 (2013), quoting from Commonwealth v. Tam Bui, 419 Mass. 392, 400, cert. denied, 516 U.S. 861 (1995). Here, contrary to the defendant's assertion, the suicide attempt did not go "to the essence of the defense." Commonwealth v. Miles, 420 Mass. 67, 72 (1995) (quotation omitted). Indeed, there was no basis in the facts presented to support the defendant's allegation that the victim fabricated the assaults in order to reconcile with her boy friend. Rather, the victim's uncontroverted testimony was that she reconciled with her boy friend prior to the disclosure of the sexual assaults. Unlike Commonwealth v. Kindell, 84 Mass. App. Ct. 183, 190 (2013), "the matter that defense counsel wished to explore [in this case] had already been brought to the attention of the jury in sufficient detail." Accordingly, the "judge did not abuse [his] discretion in precluding" inquiry into the suicide attempt. Commonwealth v. McGhee, 472 Mass. 405, 425 (2015).
2. Closing argument. At issue are three remarks made during the prosecutor's closing argument, only one of which was subject to an objection. "In analyzing a claim of improper argument, the prosecutor's remarks must be viewed in the light of the entire argument, as well as in light of the judge's instruction to the jury and the evidence at trial." Commonwealth v. Dancy, 75 Mass. App. Ct. 175, 189-190 (2009), quoting from Commonwealth v. Lamrini, 392 Mass. 427, 432 (1984).
The defendant claims that the prosecutor improperly argued facts not in evidence when he remarked on the defendant's physical size compared to that of the victim. This was not error, let alone prejudicial error. A prosecutor may refer to a defendant's size even if he or she does not testify.[2] See Commonwealth v. Rogers, 43 Mass. App. Ct. 782, 787 (1997) (prosecutor's closing stating that victim "was afraid of this man. Look at him," was proper reference to defendant's size compared to victim). In addition, the prosecutor was not arguing that the defendant should be convicted because of his size; rather he was emphasizing the victim's testimony that she felt "traumatized" and "scared" following the assaults. See Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 158 (2008).
The defendant also argues, for the first time on appeal, that the prosecutor's comments regarding the victim's sexual knowledge and about how the victim testified regarding "things that make people uncomfortable" were both improper because it bolstered the victim's credibility. We conclude that these statements were not improper and did not create a substantial risk of a miscarriage of justice. The first statement described the victim's testimony as to how the sexual assaults progressed over time and was based on facts in evidence. The second statement was made in response to defense counsel's attack on the victim's credibility and was a reference to her demeanor on the witness stand. See Commonwealth v. Dixon, 425 Mass. 223, 232 (1997). Also, "[t]he absence of objection from defense counsel further convinces us that, taken in the context, the remark[s] would not likely have misled the jury or prejudiced [the defendant]." Commonwealth v. Raymond, 424 Mass. 382, 392 (1997).
3. Verdict slips. Finally the defendant claims, for the first time on appeal, that the verdict slips did not adequately convey the concept of specific unanimity to the jury and the slips allowed the jury to reach a "nonunanimious verdict." We disagree. The special verdict forms reflected each of the five types of touching described by the victim. Moreover, as the victim testified to "a pattern of repetitive and abusive conduct, of necessity encompassing a number of discrete acts, the danger of lack of unanimity in the jury's verdict does not exist." Commonwealth v. Monzon, 51 Mass. App. Ct. 245, 254-255 (2001). And while no specific unanimity instruction was required in this case, the judge nevertheless so instructed the jury.[3] See id. at 255. There was no substantial risk of a miscarriage of justice.
Judgments affirmed.

The judge also mitigated any prejudice by providing a prompt curative instruction, which we presume the jury to have heeded. See Commonwealth v. Sylvia, 456 Mass. 182, 195 (2010).

The judge also gave a general unanimity instruction at the start of the trial.